UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LOPEZ,

Plaintiff,

-against-

COURTLAND CORNERS II LLC; PHIPPS HOUSING; NEW YORK CITY HOUSING AUTHORITY,

Defendants.

26-CV-8761 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Jose Lopez, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He additionally asserts common law claims of negligence and intentional infliction of emotional distress, and he may also be asserting a wrongful death claim related to the death of his wife. He alleges that his employers—Defendants Courtland Corners II LLC, Phipps Housing, and the New York City Housing Authority ("NYCHA")—discriminated against him on the basis of his race, color, and national origin, and later retaliated against him. He seeks $10 million in damages. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the following reasons, the Court: (1) dismisses any wrongful death claim that Plaintiff may be asserting *pro se* in this action, without prejudice, (2) dismisses Plaintiff's claims in which he requests that this Court intervene into ongoing proceedings in the New York City Housing Court, and (3) dismisses the balance of the complaint for failure to state a claim, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff identifies his race as Hispanic, his color as white, and his national origin as Puerto Rican. (ECF No. 1, at 3.) For more than three years, Plaintiff worked as the building superintendent at 875 Melrose Avenue in Bronx County. "Throughout 2025, Plaintiff was targeted with severe, pervasive, and continuous verbal harassment, hostile intimidation, and demeaning conduct based on his Hispanic race, color, and national origin by Director Willie Fleet." (*Id*. at 10.) "This culminated in an aggressive, physically threatening workplace confrontation on November 13, 2025, forcing Plaintiff to file a formal report with the New York City Police Department (NYPD) and resign under protest to ensure his safety." (*Id*.)

Aside from his resignation under protest, Plaintiff asserts that Defendants subjected him to other adverse employment actions, which include the employer's failure to report unspecified workplace harassment, downsizing staff, "forcing Plaintiff to train preferred associates under hostile conditions," and breaching employee confidentiality. (*Id*.)

Plaintiff asserts that Defendants' conduct caused him massive damages. First, he asserts that, as part of his employment, he was permitted to reside in an apartment on the premises where he worked. Since the conflict described above, however, his employers have instituted a holdover action in state court to effectuate his eviction from the apartment. (*Id*. at 10-11.) He also alleges that the threat of homelessness "caused catastrophic physical and emotional strain on Plaintiff's household, directly accelerating the medical decline and subsequent tragic death of Plaintiff's wife." (*Id*. at 10.) He seeks monetary relief and injunctive relief in the form of an

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

order "halting the retaliatory Licensee Holdover eviction proceeding in New York City Housing Court." (*Id*. at 13.)

## DISCUSSION

### A. Wrongful death claim

Plaintiff cannot assert claims on behalf of the estate his deceased wife. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). In addition, a nonlawyer beneficiary is not permitted to assert claims on behalf of a deceased person's estate *pro se* when there are other beneficiaries or creditors of that estate. *Compare Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) ("[W]hen the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* [in federal court] on behalf of the estate, she is in fact appearing solely on her own behalf, because she is the only party affected by the disposition of the suit. Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity—the estate—rather than to the beneficiary herself, is only a legal fiction." (citing *Guest v. Hansen*, 603 F.3d 15, 20-21 (2d Cir. 2010))), *with Guest*, 603 F.3d at 20 ("Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." (quoting *Iannaccone*, 142 F.3d at 559))). In addition, under New York law, a person may not assert claims *pro se* on behalf of a deceased person's estate unless that living person has been appointed as the estate's personal

representative. *See Heslin v. Cnty. of Greene*, 14 N.Y.3d 67, 76 n.7 (2010); *Palladino v. Metro. Life Ins. Co.*, 188 A.D. 2d 708, 709 (3d Dep't 1992).

Plaintiff alleges no facts as to whether, other than himself, there are beneficiaries or creditors associated with his deceased wife's estate. In addition, he alleges nothing to suggest that he has been appointed as that estate's personal representative. Accordingly, to the extent that Plaintiff asserts claims on behalf of his deceased wife's estate, the Court dismisses these claims without prejudice. *See* 28 U.S.C. § 1654.

**B. Request for intervention into state-court holdover proceedings**

In the complaint, Plaintiff demands, among other things, an order "halting the retaliatory Licensee Holdover eviction proceeding in New York City Housing Court." (ECF No. 1, at 13.)

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973). *Younger* abstention is appropriate in only three categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*").

In *Sprint*, the United States Supreme Court held that, among other circumstances, the *Younger* abstention doctrine must be applied to federal-court actions that would, in the absence of this doctrine, intervene in state-court civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.*. When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4

(S.D.N.Y. Jan. 31, 2020) (quoting *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015)); *see, e.g.*, *Concepcion v. Westchase Residential Assist II LLC*, No. 15-CV-5679, 2016 WL 8711344, at *3 (E.D.N.Y. Sept. 30, 2016) (applying the *Younger* abstention doctrine to ongoing state-court foreclosure proceedings because, among other reasons, "the state courts undoubtedly offer an opportunity for judicial review of [plaintiff's] claims and avenues of appeal"); *Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that the *Younger* abstention doctrine precludes a federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court"). For those reasons, relying on *Younger*, courts in this District routinely abstain from interfering in ongoing state-court eviction and related Housing Court proceedings. *See, e.g.*, *Ochei*, 2020 WL 528705, at *4 (explaining that *Younger* prevents federal-court intervention in state-court civil proceedings that implicate the State's interest in enforcing the orders and judgments of its courts, including an ongoing eviction proceeding); *O'Neill v. Hernandez*, No. 08-CV-1689 (KMW), 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008) (noting that the plaintiff has "not alleged facts sufficient to show bad faith, harassment, or any other extraordinary circumstance that would justify Federal court interference with Plaintiff's State court eviction proceedings" under *Younger*).

Because Plaintiff does not allege facts suggesting that there are grounds under the *Younger* abstention doctrine to justify this Court's interference in his ongoing state-court holdover proceeding, the Court cannot grant Plaintiff the injunctive relief he seeks. The Court

therefore abstains, as it must under the *Younger* abstention doctrine, from exercising jurisdiction of this action to the extent it seeks intervention into the Housing Court proceedings.

### C. Title VII

Plaintiff indicates his intent to assert a claim of workplace discrimination under Title VII, as well as a claim of retaliation under Title VII.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The statute prohibits employers from mistreating an employee because of the employee's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes[2], *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).

Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

---

[2] To state a retaliation claim under Title VII, a plaintiff must allege facts showing that: "(1) [the] defendant[ ] discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting 42 U.S.C. § 2000e-3(a)). An employee's opposition to an unlawful employment practice is protected so long as he "had a good-faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citation omitted). A retaliatory purpose can be shown "indirectly by timing," such as when "protected activity [is] followed closely in time by adverse employment action." *Vega*, 801 F.3d at 90.

Plaintiff fails to state a claim under Title VII for multiple reasons. First, as to his claim of discrimination, he provides no facts suggesting that his employer discriminated against him on the basis of his "race, color, . . . or national origin." 42 U.S.C. § 2000e-2(a). While Plaintiff alleges that he was harassed and targeted due to his race, color, and national origin, and that there was a workplace incident that required the intervention of the NYPD, he sets forth no facts from which the Court can infer that he was subjected to adverse employment action *because of* his protected characteristics. Stated differently, because Plaintiff does not provide any details of the alleged harassment and demeaning conduct, the Court cannot conclude that Defendants' conduct was motivated by animus due to Plaintiff's race, color, or national origin. Plaintiff therefore fails to state a claim of Title VII discrimination. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, Plaintiff also fails to state a claim of Title VII retaliation. While Plaintiff appears to allege adverse employment action, he provides no facts that suggest that his employers took those actions "'because' [Plaintiff] opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e-3(a)). Furthermore, because Plaintiff does not describe when most of the events occurred, the Court is unable to infer the existence of prohibited retaliation based on the timing of any adverse employment action. *See id.* Because Plaintiff fails to provide facts indicating his employer's or coworkers' motivations in subjecting him to adverse employment actions—*i.e.* whether their conduct was motivated by Plaintiff's complaints regarding workplace discrimination—he fails to state a claim of Title VII retaliation. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff intends to pursue his Title VII discrimination claims in an amended complaint, he must name his employers as defendants and set forth facts showing that his employers discriminated against him on the basis of his race, color, or national origin. If Plaintiff intends to

pursue his Title VII retaliation claim in an amended complaint, he must set forth facts showing his employer took adverse employment action against him, such as by allowing a hostile work environment, because Plaintiff opposed his employer's alleged violation of Title VII.

**D. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim under Title VII, and because he may be able to allege facts sufficient to show that he may maintain claims on behalf of his deceased wife's estate, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims consistent with the standards set forth above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses without prejudice all claims that Plaintiff asserts on behalf of his deceased wife's estate. *See* 28 U.S.C. § 1654. The Court also dismisses, under the *Younger* abstention doctrine, all claims in which he seeks this Court's intervention into ongoing holdover proceedings in the New York City Housing Court.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 8, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________

______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes ☐ No

______________________________________

______________________________________

______________________________________

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# AMENDED

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City State Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City State Zip Code

Defendant 3:

Name

Address where defendant may be served

County, City State Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City State Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: ______________________

☐ color: ______________________

☐ religion: ______________________

☐ sex: ______________________

☐ national origin: ______________________

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: ______________________________

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ______________

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ______________________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ______________________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

### B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_______________________________________________

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): ______________________________

______________________________________________

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? ______________________________

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? ______________________________

When did you receive the Notice? ______________________________

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

________________________________________

________________________________________

Name (Last, First, MI)

Address City State Zip Code

Telephone Number E-mail Address

Date Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007